# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### FEBRUARY 1999 SESSION



FILED

March 12, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 02C01-9803-CR-00063 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. JOSEPH B. DAILEY, |
| CLEM HENRY, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Motor Vehicle Habitual Offender) |

**FOR THE APPELLANT:**

**DANIEL A. SEWARD**
One Memphis Place
200 Jefferson Avenue, Suite #210
Memphis, TN 38103

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**GEORGIA BLYTHE FELNER**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**DAVID C. HENRY**
Assistant District Attorney General
Criminal Justice Center
201 Poplar Avenue, Suite 301
Memphis, TN 38103-1947

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

A Shelby County Grand Jury indicted defendant, Clem Henry, in two indictments for violations of the Motor Vehicle Habitual Offender's Act, Class E felonies. He pled guilty to both charges and submitted sentencing to the trial court. The trial court sentenced defendant to two years in each case and ordered the sentences to run consecutively to each other and another sentence imposed for an earlier violation of the same law. The sole issue in this appeal as of right is whether the trial court sentenced defendant properly. Upon a *de novo* review, this Court agrees with the sentences imposed and AFFIRMS the judgments of the trial court.

**FACTS**

Defendant was declared a Motor Vehicle Habitual Offender (hereinafter "MVHO") in October 1994. In April 1996, he was caught driving while declared an MVHO and charged with violation of the Motor Vehicle Habitual Offender's Act. *See* Tenn. Code Ann. § 55-10-616. While on bond for this Class E felony, he was caught driving on September 8, 1996, and charged with driving without a license.[1] On March 31, 1997, defendant drove again, was caught, and charged with a third violation of the MVHO Act.

Defendant pled guilty to the September 1996 and March 1997 violations without an agreement as to sentencing. The trial court held a sentencing hearing and ordered defendant to serve two years as a Range I standard offender for each violation. It further ordered the sentences to run consecutively to each other, and consecutively to another two-year sentence not at issue in this appeal. In reaching its decision, the trial court discussed many of the facts and circumstances surrounding the commission of the offenses. It did not, however, make statutory findings on applicable enhancement and mitigation factors or consecutive sentencing.

---

[1] Defendant testified he was aware of his habitual offender status at the time of this stop. The charge was ultimately indicted as driving while declared a motor vehicle habitual offender, a Class E felony.

**SENTENCING**

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness, Tenn. Code Ann. § 40-35-401(d), provided there is an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997). The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In this instance, the trial court failed to make the required findings. Thus, our review of the sentences is *de novo* without the presumption of correctness.

**Length of Sentences**

Defendant contends the trial court erred in setting his sentences at the top of the applicable range. His testimony at sentencing revealed that he was fifty-seven years old and a high school dropout with no employment background. Defendant admitted the criminal history presented by the pre-sentence report.[2] On cross-examination by the state, defendant conceded violating the terms of probation he received for one of the misdemeanor convictions. While admitting awareness and understanding of the consequences attendant to MVHO status, defendant expressed remorse for having driven on these occasions.

The state argued for the application of several enhancement factors in defendant's case: (1) a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; (2) a previous unwillingness to comply with conditions of a sentence involving release into the community; and (3) a felony committed while released on bail for another felony charge. *See* Tenn. Code Ann. § 40-35-114(1), (8), and (13).

---

[2]That history dates to pre-1960 and contains five convictions for driving on a suspended license, misdemeanor theft, assault, robbery, and a juvenile burglary adjudication.

We find the state's argument for the application of three enhancement factors meritorious. The trial court also found that defendant's age of fifty-seven was not a mitigating factor. We agree.

Finally, notwithstanding counsel's argument to the contrary, we choose to follow the trial court's finding that defendant failed to display sufficient remorse for his actions. The trial court was in a much better position than this Court to evaluate the defendant's credibility.

Defendant was convicted of driving on a suspended license five times before being declared an MVHO in October 1994. He admits that he understood the significance of that status, but chose to drive on at least three occasions.[3] Based upon the applicable enhancement factors, and the absence of mitigating factors, we find two years to be the appropriate sentence in each case.

**Consecutive Sentences**

Defendant also contends that he should receive concurrent sentences. A court may order sentences to run consecutively if the court finds by a preponderance of the evidence that "[t]he defendant is an offender whose record of criminal activity is extensive." Tenn. Code Ann. § 40-35-115(b)(2); *see also* State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). Furthermore, the court is required to determine whether the consecutive sentences (1) are reasonably related to the severity of the offenses committed; (2) serve to protect the public from further criminal conduct by the offender; and (3) are congruent with general principles of sentencing. State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995). In the instant case, defendant unquestionably has an extensive record of criminal activity. Thus, it remains for us to consider the factors outlined by Wilkerson.

Defendant displays a blatant disregard for the laws of this state and the orders of its courts as evidenced by his commission of three felony driving offenses after he admittedly understood he was to cease getting behind the wheel of a car.

_____

[3]Defendant claimed at sentencing that he drove only three times after being declared an MVHO, and that he was caught all three times.

4

Additionally, the two present offenses were committed while defendant was on bond for another felony driving offense. These actions exhibit a lack of recognition that driving is, in fact, a privilege requiring responsibility in its exercise. This leads us to believe that given the opportunity, defendant would not hesitate to drive again. As such, consecutive two-year sentences, totaling six years, appear reasonably related to the severity of defendant's crimes and serve to protect the public from further criminal conduct by defendant. Moreover, an effective six-year sentence is congruent with general sentencing principles. In short, it appears the only way to stop defendant from driving is by incarceration.

## CONCLUSION

Defendant has failed to show that the nature and duration of these sentences are improper. Therefore, the judgments of the trial court are AFFIRMED.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOHN H. PEAY, JUDGE**

_____
**JAMES C. BEASLEY, SR., SPECIAL JUDGE**